**Arthur WILLIAMS, Plaintiff–**
**Appellant,**

v.

**Captain GOODY, Supervisor; Correctional Officer Baker, Property Officer; A. Morris, Sergeant, Property Manager, Defendants–Appellees.**

**No. 01–6465.**

United States Court of Appeals,
Fourth Circuit.

Submitted May 17, 2001.

Decided May 29, 2001.

Arthur Williams, pro se.

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

PER CURIAM.

Arthur Williams appeals the district court's order denying reconsideration of its order dismissing his claim filed under 42 U.S.C.A. § 1983 (West 1994 & Supp.2000) as frivolous. A motion for reconsideration under Rule 60(b) does not bring up for review the merits of the underlying substantive judgment, nor does it toll the period for filing an appeal of the underlying judgment. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 264–65, 268–69, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

Because Williams did not file his Rule 60(b) motion within ten days of the district court's order dismissing his § 1983 complaint, entered on October 24, 2000, the time period for filing his appeal of that order was not tolled. *See* Fed.R.App.P. 4(a)(4). The time limit for filing an appeal in this case was thirty days. *See* Fed. R.App.P. 4(a)(1)(A). Therefore, Williams' appeal, filed on March 20, 2001, is only

timely as to the district court's denial of his subsequent motion for reconsideration on March 14, 2001.* This court reviews a denial of a Rule 60(b) motion for abuse of discretion. *See NOW v. Operation Rescue,* 47 F.3d 667, 669 (4th Cir.1995).

We have reviewed the record and conclude that the district court's denial of Williams' motion for reconsideration did not constitute an abuse of discretion. Accordingly, we affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* We note that Williams' notice of appeal does not mention the underlying order, but only the court's order denying reconsideration. *See* Fed.R.App.P. 3(c)(1)(B).